UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**ROBIN JEAN LYON CINI**,

Debtor.

Case No. **10-62715-13**

# MEMORANDUM OF DECISION

At Butte in said District this 4th day of October, 2011.

In this Chapter 13 case, after due notice a hearing was held at Missoula on September 20, 2011, on the Debtor's Motion (Docket No. 123) to approve a compromise settlement with creditors John & Susan Cogar (hereinafter together "Cogars") of Cogars' claim against the estate asserted in Proof of Claim No. 10, and their claims in Adversary Proceeding No. 11-00007 ("Adv. Pro. 11-7), for the sum of $10,000. Objections were filed by the Debtor's former spouse Nigel Cini ("Nigel") and by Nigel's former attorney Peter F. Carroll ("Carroll"). Robin appeared and testified, represented by attorney James H. Cossitt ("Cossitt") of Kalispell, Montana. Nigel and Carroll each appeared pro se, but did not call any witnesses or offer any exhibits. The Chapter 13 Trustee Robert G. Drummond appeared and testified in support of the compromise settlement. Debtor's Exhibits ("Ex.") RC1, 9, 10, 11, 12, and 13 were admitted without objection. The Court heard argument of counsel, and at the conclusion of the parties' cases-in-chief the Court took Debtor's motion under advisement. After review of the record and applicable law, the Court finds that the proposed compromise between the Debtor and Cogars is

1

fair and equitable and satisfies the requirements of F.R.B.P. 9019(a), after consideration of the factors listed in *Martin v. Kane (In re A & C Properties)*, 784 F.2d1377, 1380-81 (9th Cir.) *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986). The objections will be overruled and the compromise settlement approved by separate Order.

This Court has jurisdiction of this Chapter 13 case and Adv. Pro. 11-7 under 28 U.S.C. § 1334. The Debtors' Motion to approve compromise settlement is a core proceeding under 28 U.S.C. § 157(b)(2). This Memorandum of Decision includes the Court's findings of fact and conclusions of law.

## FACTS

Robin and Nigel Cini were married until their marriage was dissolved in Cause No. DR-08-483(A) in the Montana Eleventh Judicial District Court, Flathead County. Their daughter Hanna[1] died from injuries sustained in an automobile accident, and their son Bayden was injured. Litigation ensued from the automobile accident between several parties, including Hannah's estate and the Cogars. Robin is the personal representative of Hanna's probate estate ("Hanna's estate").

Robin testified that Cogars sued her in state court as Hanna's personal representative. Robin was represented in the litigation by the law firm Viscomi & Gersh, PLLP ("Viscomi")[2]. At a mediation Robin and Cogars reached a settlement in the amount of $40,000. Robin testified that she wrote a check to Cogars in the amount of $10,000, with $30,000 remaining payable to

---

[1]Hanna's name is also spelled "Hannah" in the record. For consistency the Court refers to her as Hanna.

[2]Viscomi is a defendant in Adv. Pro. 11-7.

2

Cogars.  Ex. 9 is the "Findings of Fact, Conclusions of Law, Order and Judgment" entered in the marital dissolution case to enforce the property settlement agreement between Robin and Nigel. In Ex. 9 the court found Nigel in contempt, including for failure to pay support.  The court entered judgment against Nigel for delinquent child support in the amount of $7,885, and granted Robin's attorney time to submit an affidavit of attorney fees and costs.  After review of the affidavit the court entered an order (Ex. 10) dated November 29, 2010, awarding Robin $25,271.40 in attorney's fees and costs.  Nigel filed an appeal which is pending in the Montana Supreme Court.

      The Debtor filed her Chapter 13 petition and some of her schedules on November 19, 2010.  Schedule B lists contingent claims in unknown amounts for Debtor's own personal injuries from the accident, and as beneficiary from Hanna's estate in Probate #DP-09-67A. Schedule D lists Cogars as creditors holding secured claims from Cause No. DV-08-941(b) in the amount of $18,000, which Debtor lists as contingent, unliquidated and disputed.  Ex. 1. Schedule D explains Debtor's theory against Cogars.  Debtor concedes Cogars' lien is a valid contract, but states that Cogars' lien was not perfected because they did not levy against lawsuit proceeds.

      The notice of commencement of this case, and deadline to file proofs of claim, was mailed to creditors, including Nigel, by BNC on November 21, 2010.  Nigel has admitted receiving the notice of claims bar date.  Nigel filed an untimely claim which was disallowed by this Court.  Carroll did not file a proof of claim and is not a creditor with an allowed claim in this case, but Carroll is a creditor of Nigel.

      Cogars filed their Proof of Claim No. 10 on January 6, 2011, asserting a secured claim in

the amount of $18,749.50 plus accruing interest. Attached to Claim 10 are several documents, including: Cogars' "Creditors' Lien" in the amount of $30,000 to secure the settlement agreement between Cogars, the Debtor and Nigel dated May 21, 2000, signed by Debtor as personal representative of Hanna's estate and Cogars, with an "Acceptance of Creditor's Lien" executed by Viscomi as attorney for Hanna's estate; the Settlement Agreement and Mutual Release for $40,000 signed by the Debtor, Nigel and Cogars; and a partial satisfaction of judgment in return for payment to Cogars by Viscomi in the amount of $11,709.18; and a letter from Cogars explaining that the balance remaining after the partial payment is $18,749.50. Debtor filed her objection to Cogars' Claim 10 on August 17, 2011, on the grounds Cogars failed to perfect their lien and therefore it is not a secured claim, and requested that it be disallowed. Under cross examination by Carroll, Robin admitted that no formal judgment or court order was entered granting Cogars a lien against Robin or Hanna's estate.

On January 24, 2011, Debtor filed her complaint commencing Adv. Pro. 11-7, and naming as defendants Viscomi, Carroll, Nigel, Cogars, and Robin herself as personal representative of Hanna's estate and as conservator for Bayden Cini. The complaint seeks to determine the extent of liens, claims, or interests in the litigation claims, Hanna's probate estate, and seeks sanctions against Cogars and Carroll for acts in violation of the automatic stay. The complaint alleges that Hanna's estate reached a settlement with Colony Insurance Co. ("Colony"), in which Colony tendered $100,000 to Viscomi. Carroll obtained a writ and levied it upon Viscomi demanding delivery of $11,001.60 in execution of Carroll's judgment against Nigel.

Count II of Debtor's complaint seeks avoidance of Cogars' liens and interests in the

funds held by Viscomi. Count II requests civil contempt against Cogars and Carroll for violation of the stay and requests actual damages, punitive damages, attorney fees and costs. Defendants filed answers. Cogars' answer denied liability and asked that their lien not be avoided.

Two motions for summary judgment have been filed in Adv. Pro. 11-7 by Robin. The Court granted the Plaintiff's first motion for summary judgment and entered judgment that $5,840.81 held in trust by Viscomi is property of the estate. Carroll filed a motion to dismiss and a motion for summary judgment, both of which were denied. A default of Nigel was entered. Trial was scheduled to be held on December 5, 2011, but was continued on motion of Plaintiff's counsel.

On May 10, 2011, at a sheriff's sale of Nigel's interests in certain actions, including his interests in Hanna's estate, DP-09-67A, the sheriff issued a certificate of sale of Nigel's personal property to Cossitt on behalf of Robin who was highest bidder[3]. After the sheriff's sale, Debtor amended her Schedule B to add the claims formerly owned by Nigel from the accident litigation and Hanna's estate, and claimed that property as exempt.

Nigel filed his claim late on July 18, 2011. The Court disallowed Nigel's claim as untimely by Order entered on September 21, 2011.

Debtor's Motion seeks approval of a compromise settlement with Cogars of their claim and dispute in Adv. Pro. 11-7. Under the proposed settlement Cogars would be paid $10,000 in funds in Viscomi's possession, which are the subject of Adv. Pro. 11-7, and release and dismiss Cogars from Adv. Pro. 11-7. In return Cogars agree to accept the $10,000 in full satisfaction of

---

[3]In other contested matters in this case and Adv. Pro. 11-7, Carroll has called into question the validity of the sheriff's sale because the sale allegedly was not completed within the time permitted by Montana statute.

5

all claims against the estate, Robin, Hanna's estate and the conservatorship of Bayden Cini, and any of the other property described in Cogars' Claim 10, and assign to Robin all their rights, interest and lien set forth in their Claim 10 and otherwise disallow their claim against the estate. Cogars would retain their right to pursue the remainder of their debt against Nigel or any other party.

Robin testified that she believes that she would prevail in Adv. Pro. 11-7, but that the outcome is uncertain as is any litigation, and that the litigation is complex and fact intensive. She testified that Viscomi holds between $100,600 and $100,800 from the accident litigation and probate estate[4]. She estimated that the cost of litigating Adv. Pro. 11-7 against Cogars would exceed $50,000, and that the litigation would delay her reorganization in this Chapter 13 case. The Chapter 13 Trustee testified that he did not oppose the Debtor's settlement with Cogars, and that in his opinion the settlement satisfies the *A & C Properties* four-factor test. The Trustee testified that the settlement is fair based on the cost of litigating Adv. Pro. 11-7, and the fact that as part of the settlement the Debtor is assigned the remainder of Cogars' claim, which otherwise would dilute the amount available for distribution to unsecured claims, in the event Robin were to prevail leaving Cogars unsecured.

Nigel objected and testified against approval of the proposed compromise. Nigel testified that he agreed to pay the child support ordered by the state court in the dissolution proceeding, but that some of the funds held by Viscomi is held in Nigel's name. Carroll did not testify, but

---

[4]Carroll's asked Robin on cross examination whether Viscomi divided the funds received in the accident litigation, dissolution and/or Hanna's estate into separate accounts. Debtor objected on grounds of relevance. The Court sustained the objection. The purpose of Adv. Pro. 11-7 is to determine who is entitled to monies, including funds held by Viscomi.

argued that the settlement is not fair unless the funds to pay the $10,000 settlement to Cogars are paid out of the account in Robin's name held by Viscomi, and not out of the account in Nigel's name[5].

## DISCUSSION

This Court addressed the test for compromise and settlement under F.R.B.P. Rule 9019(a) in *In re Schrock*, 9 Mont. B.R. 414, 416-417 (Bank. D. Mont. 1991) as follows:

> "Although the bankruptcy court has great latitude in authorizing a compromise, it may only approve a proposal that is 'fair and equitable.'" *Woodson v. Fireman's Fund Ins. Co.*, 839 F.2d 610, 620 (9th Cir. 1988) (Citing *Martin v. Kane (In re A & C Properties)*, 784 F.2d1377, 1380-81 (9th Cir.) *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986). In evaluating a settlement, the Court must consider:
>
>> '(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; © the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views of the premises.' *A & C Properties*, 784 F. 2d at 1381.
>
> *Woodson*, 839 F. 2d at 620 (additional citation omitted).
> See also *In re MGS Marketing*, 111 B.R. 264 (9th Cir. BAP 1990). In addition to the four prong test set forth in *A & C Properties*, it is also well established that the law favors compromise. *In re Blair*, 538 F.2d 849, 851 (9th Cir. 1976). In accordance with that principle, Bankruptcy Rule 9019(a) gives this Court broad authority to approve a compromise or settlement. *In re General Store of Beverly Hills*, 11 B.R. 539, 542 (9th Cir. BAP 1981). The determination of whether to approve a compromise or settlement is a matter within the sound discretion of this Court. *Providers Benefit Life Insurance Co. v. Tidewater Group, Inc.*, 13 B.R. 764, 765 (Bankr. N.D.Ga. 1981). *See also, In re Lions Capital Group*, 49 B.R. 163, 175-76 (Bankr. S.D. N.Y. 1985).

---

[5]The status of Nigel's claim to any fund is not shown by the record in this contested matter. Nigel asserts ownership in certain funds and property, but the state court dissolution proceeding, including Ex. 9, shows that most marital property was awarded to Robin. In addition Robin purchased Nigel's interests at the sheriff's sale. Ex. 12, 13. The status of Nigel's claims to marital property will be determined in state court, not in the bankruptcy court.

The first factor is probability of success in the litigation.  Robin testified that she believed the estate could be successful in Adv. Pro. 11-7, subject to the usual uncertainty of litigation.  No evidence exists in the record with respect to Robin's claim against Cogars alleging violation of the stay.  The Trustee did not address the first factor specifically, and neither did Nigel nor Carroll.  Robin's claim seeks to avoid Cogars' "Creditor's Lien" but she admits that she signed it.  Her claim would involve matters of state law governing perfection of liens against legal claims.

Recognizing that a risk always exists in litigation, the Court finds that the estate has a reasonable probability of success in the litigation against Cogars to avoid their lien, which would still leave them with a substantial unsecured claim against the estate.  The Court finds and concludes that the first *A & C Properties* factor weighs marginally against approval of the settlement.

The second *A & C Properties* factor is the difficulties, if any, to be encountered in the matter of collection.  The evidence with respect to the second is that Viscomi is holding substantial funds pending resolution of Adv. 11-7.  Those funds are subject to this Court's jurisdiction.  The second *A & C Properties* factor does not weigh in favor of settlement.

The third *A & C Properties* factor to be considered is the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it.  The Court finds that this third factor overwhelmingly and decisively weighs in favor of approval of the settlement.  There are several parties involved in this litigation, with conflicting claims against the funds held by Viscomi based on or influenced by marital dissolution orders, negligence, and probate issues.  The only evidence about the expense is Robin's testimony that the litigation likely will cost the

estate more than $50,000 to avoid Cogars' lien against $18,749.50. The interim fees generated to Debtor's counsel in this case corroborate the mounting professional fees. The trial has been delayed once. The Court concludes that the litigation is complex, and that the litigation would cause inconvenience and delay to the Debtor's attempt to reach confirmation. Carroll and Nigel have demonstrated zealous opposition to this litigation. Nigel is pro se, and while he attempts to participate he has consistently missed deadlines in both the main case and Adv. Pro. 11-7. The Court finds and concludes that the third *A & C Factor* weighs overwhelmingly in favor of approval of the settlement.

The fourth *A & C Properties* factor requires the Court consider the paramount interest of the creditors and a proper deference to their reasonable views of the premises. Nigel's claim was denied as untimely. Carroll did not file a proof of claim so is not a creditor. No objection was filed by any creditor. Cogars are creditors and support approval of the settlement.

Approval of the settlement resolves both a secured claim, and any unsecured claim Cogars would have against the estate, thus increasing the amount available for distribution to unsecured claims. The $10,000 settlement reflects a $8,749.50 reduction in Cogars' claim. In addition, by assignment of Cogars' lien and other rights, the settlement creates the possibility of recovery of assets for the estate. With a settlement, the cost to the estate of litigating the remaining claims for relief in Adv. Pro. 11-7 will be reduced, since Nigel's claims are the subject of an appeal which will be decided in another forum, and that decision may resolve Carroll's claims as well. The Court finds and concludes that the fourth *A & C Properties* factor weighs in favor of approval of the settlement.

The first and second *A & C Properties* factors weigh against settlement. The third *A & C*

*Properties* factor weighs overwhelmingly in favor of settlement.  The fourth factor weighs in favor of settlement.  Exercising its discretion, the Court therefore concludes that the proposed settlement of the estate's claims against Cogars is fair and equitable and satisfies Rule 9019(a).

   The objections of Nigel and Carroll were not pertinent to the *A & C Properties* test.  Nigel's claims to the funds held by Viscomi depend on his obtaining a reversal of the marital property award in the Montana Supreme Court.  No showing was presented by Nigel that such a result is likely.  Carroll did not oppose the settlement so long as the $10,000 was paid exclusively from the estate's funds held by Viscomi, not Nigel's account.  This Court has already entered judgment that $5,840.81 held by Viscomi is property of the estate.  Carroll's claim to the other funds depends on Nigel's success in his appeal.  The Court does not consider those uncertain claims to the remaining funds held by Viscomi to constitute sufficient reason to withhold approval of the settlement and its attendant advantages to the estate which have been shown by the record.

## CONCLUSIONS OF LAW

  1.  This Court has jurisdiction of this Chapter 7 bankruptcy under 28 U.S.C. § 1334(a).

  2.  The Debtor's claims in Adv. Pro. 11-7 are core proceedings under 28 U.S.C. § 157(b)(2).

  3.  The Debtor satisfied her burden of proof under F.R.B.P. 9019(a) to show that the terms of the proposed settlement of the Debtor's claims against Cogars are fair and equitable and in the best interests of creditors and the estate, after consideration of the four factors identified in *Martin v. Kane (In re A & C Properties)*, 784 F.2d1377, 1380-81 (9th Cir.), *cert. denied sub nom. Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed. 2d 122 (1986).

**IT IS ORDERED** a separate Order shall be entered in conformity with the above overruling the objections by Nigel and Carroll, and granting the Debtor's Motion for approval of the compromise settlement with Cogars (Dkt. 123).

BY THE COURT

*Ralph B Kirscher*
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana