UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MONTANA

In re

**ROBIN JEAN LYON CINI**,

Debtor.

Case No. **10-62715-11**

## MEMORANDUM OF DECISION

At Butte in said District this 13th day of March, 2012.

In this Chapter 11 case, after notice and a hearing this Court entered an Order (Docket No. 234) on February 9, 2012, which, among other things, granted the Debtor's motions to compel compliance by Debtor's former spouse Nigel Cini ("Nigel") with F.R.B.P. Rule 9011, and to subject Nigel's filings to preliminary review and scrutiny. The Court's Order enjoined Nigel and prohibited him from filing any further papers in this case unless he first requests and is granted leave from this Court, and provided that the Court may summarily deny his request if the Court determines that it is not germane to this case. Nigel has submitted a "Request for Leave to File" a motion for reconsideration of that Order, dated February 16, 2012. The Court has reviewed Nigel's Request and motion for reconsideration. Because the purpose of Nigel's Request was to file a motion to reconsideration and not a request for original relief, the Court grants Nigel's Request for Leave to File and directs that his motion for reconsideration be filed. After review of the motion, for the reasons set forth below the Court denies the motion for reconsideration.

This Court's Order (Dkt. 234) enjoined Nigel from further filings in this case because Nigel lacks standing since his proof of claim was disallowed. Like Nigel's motion for

1

reconsideration, his activity in this case involves his claims for relief with respect to the division of marital property in marital dissolution proceedings with the Debtor. This Court deemed his arguments irrelevant to this bankruptcy case.

The division of marital property became the subject of a final decision by the Montana Supreme Court. Nigel did not show that the Montana Supreme Court's decision has been stayed. Therefore, that decision is res judicata as to the division of the marital property. Notwithstanding, Nigel moves for reconsideration of this Court's Order on the grounds the Montana Supreme Court's decision is not final because he has initiated proceedings for relief from the divorce decree in the United States District Court for the District of Montana seeking relief in federal court based on the property settlement agreement, and he intends to petition for a writ of certiorari with the United States Supreme Court regarding his divorce.

The longstanding rule in this Court in deciding motions for reconsideration is as follows: "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Parma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)); *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (Amendment under Fed. R. Civ. P. 59(e)); *see also In re Teigen*, 11 Mont. B.R. 91-92 (Bankr. D. Mont. 1992); *In re Brazier Forest Products*, 122 B.R. 119, 121-122 (D.W.D. Wash. 1989); *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407 (8th Cir. 1988). Nigel's motion for reconsideration fails to show newly discovered evidence, fails to show that this Court committed clear error in its Order, fails to show an intervening change in the controlling law, and fails to

describe highly unusual circumstances which the Court deems sufficient to grant his motion for reconsideration.

Nigel still lacks standing as a party in this case. His arguments regarding the division of marital property are not relevant to this bankruptcy case because this Court lacks jurisdiction over the division of marital property. Nigel has been afforded due process and he continues to exercise his rights to due process in his attempts to seek relief in state and federal courts. This Court has determined that Nigel lacks standing to seek relief in this Court, and that Nigel's repetitious arguments consume scarce judicial resources and cause hardship on the Debtor and estate on irrelevant matters. The Court concludes that Nigel has failed to satisfy his burden of proof for reconsideration.

**IT IS ORDERED** a separate Order shall be entered: (1) Granting Nigel Cini's "Request for Leave to File," dated February 16, 2012, and the Clerk shall file the Request and file Nigel's motion for reconsideration submitted with the Request; and (2) denying Nigel Cini's motion for reconsideration dated February 16, 2012.

BY THE COURT

/s/ Ralph B. Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana